

FILED

JUL  8 2016

CLERK, US DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| TACORI ENTERPRISES, | ) CASE NO.  2:16 cv 422 |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) COMPLAINT FOR COUNTERFEITING |
| INTERCARATS, LLC, | ) AND TRADEMARK INFRINGEMENT; |
| | ) DEMAND FOR JURY TRIAL |
| and | ) |
| | ) |
| SHASHANK KAMDAR, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Tacori Enterprises ("Tacori" or "Plaintiff"), by and through its attorneys, files its complaint against Intercarats, LLC and Shashank Kamdar (collectively "Defendants") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.    This case is a civil action arising under the Trademark Law of the United States, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to counterfeiting and trademark infringement pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

2.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).  The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Eastern District of Virginia; the claims alleged in this action arose in the Eastern District of Virginia; and, Defendants transact business in the Eastern District of Virginia.

**Parties and Personal Jurisdiction**

3.     Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

4.     Tacori is informed and believes, and on that basis alleges, that Defendant Intercarats, LLC is a Virginia Limited Liability Company with its principal place of business at 210 East Plume St., Norfolk, VA 23510.  This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Eastern District of Virginia.  Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

5.     Tacori is informed and believes, and on that basis alleges, that Defendant Shashank Kamdar is a resident of Virginia Beach, Virginia.

**The Business of Plaintiff Tacori Enterprises**

6.     For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry.  Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

7.     Tacori owns United States Trademark Registration No. 3,071,071 for its word mark TACORI which it uses in connection with all jewelry items.  Tacori first used the TACORI mark in 1989.  The TACORI mark is now incontestable pursuant to 15 U.S.C. §1065.  A copy of the registration certificate for this registration is attached to this Complaint as **Exhibit A**.

8.     Tacori also owns United States Trademark Registration No. 3,315,049 for its word mark TACORI and design which it uses in connection with all jewelry items, including rings, bracelets, earrings and wedding bands.  Tacori first used the TACORI mark and design in

1990. The TACORI mark and design is now incontestable pursuant to 15 U.S.C. §1065. A copy of the registration certificate for this registration is attached to this Complaint as **Exhibit B**.

9.     Each of the Tacori Trademarks is valid, enforceable and widely known and recognized among jewelers and consumers throughout the United States.

10.     Each of the federally registered Tacori Trademarks is unique and distinctive and, as such, designate a single source of origin.

11.     As a result of Tacori's extensive and exclusive use, each of the federally registered Tacori Trademarks has developed extensive goodwill in the market and is extremely valuable to Tacori.   Tacori expends substantial effort and expense to protect the federally registered Tacori Trademarks and their distinctiveness in the marketplace.

12.     Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry under the federally registered Tacori Trademarks.

13.     Tacori advertises its jewelry and the federally registered Tacori Trademarks in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, Marie Claire, Martha Stewart Wedding, Modern Bride, Vogue and W.  Furthermore, Tacori advertises its jewelry and uses the federally registered Tacori Trademarks in trade publications over the World Wide Web through its website www.tacori.com and social media including Facebook, Twitter, Pinterest, YouTube, Google+ and Instagram.

14.     The federally registered Tacori Trademarks have had outstanding commercial success.   As a result, jewelers and the public recognize the federally registered Tacori Trademarks as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

15.     Tacori has sold its jewelry to authorized retail stores throughout the United States. These authorized retail stores display and offer for sale Tacori's jewelry to the general public and are licensed to display and use the federally registered Tacori Trademarks.

**The Business of Defendants Intercarats, LLC and Shashank Kamdar**

16.     Tacori is informed and believes, and on that basis alleges, that Defendants are a retailer of jewelry and are in the business of marketing and selling jewelry.

17.     Defendants sell or have sold jewelry under the trade name Intercarats, LLC in Norfolk, Virginia.

18.     Tacori is informed and believes, and on that basis alleges, that Shashank Kamdar is the sole member of Intercarats, LLC.  The unity of interest and ownership between Shashank Kamdar and Intercarats, LLC is such that the separate personalities of the individuals no longer exist and to adhere to that separateness would work an injustice.  Kamdar has controlled or used Intercarats, LLC to cause the conduct and injustice alleged herein, to profit from said conduct alleged herein, and as such should be held personally liable for a judgment against Intercarats, LLC as well as a judgment against him personally.

19.     Tacori is informed and believes, and on that basis alleges, that Defendants operate their jewelry business in direct competition with Tacori's jewelry business and the authorized retailers of Tacori.

20.     Tacori is informed and believes, and on that basis alleges, that Defendants sell their jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori's authorized retailers.

21.     Tacori is informed and believes, and on that basis alleges, that Defendants sell their jewelry to consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

22.     Defendants are not an authorized retailer of Tacori and are not licensed to use or display the Tacori Trademarks in connection with the marketing, advertising and sale of jewelry.

### Defendants' Wrongful Conduct

23.     Tacori is informed and believes, and on that basis alleges, that Defendants have advertised that they can sell Tacori jewelry at a discount even though it is not an authorized retailer of Tacori.

24.     Tacori is informed and believes, and on that basis alleges, that Defendants have sold at least one ring which they claimed was a "Tacori Platinum Engagement Ring Mounting" and which had the federally registered TACORI trademark stamped onto the ring.

25.     The "Tacori Platinum Engagement Ring Mounting" with the TACORI stamp that was sold by Defendants was not a ring manufactured or designed by Tacori.

26.     Defendants' advertisement, display and sale of a ring with the TACORI stamp and which was not a Tacori ring has harmed and continues to harm Tacori and its authorized retailers.

27.     Tacori is informed and believes, and on that basis alleges, that Shashank Kamdar was a direct participant in and was a moving active conscious force behind the counterfeiting, infringements and unlawful acts detailed in this Complaint.

### First Cause of Action
### (Counterfeiting Under 15 U.S.C. § 1114(1))

28.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 27 of this Complaint as though fully set forth.

29.     Tacori is informed and believes, and on that basis alleges, that Defendants have advertised, marketed and sold jewelry using the federally registered Tacori Trademarks even though the jewelry was not manufactured or designed by Tacori.

30.     For example, Defendants have sold the following ring with TACORI stamped on the ring even though the jewelry was not manufactured or designed by Tacori:



31.     Tacori has not authorized Defendants to use the federally registered Tacori Trademarks in connection with the marketing, advertisement and sale of jewelry.

32.     Defendants' use in commerce of the federally registered Tacori Trademarks in connection with the marketing, advertisement and sale of jewelry was done in connection with the false claim that jewelry was manufactured and designed by Tacori.

6

33. Defendants' use in commerce of the federally registered Tacori Trademarks in connection with the marketing, advertisement and sale of jewelry was done willfully.

34. Defendants' use in commerce of the federally registered Tacori Trademarks is likely to cause confusion, mistake, or to deceive.

35. The acts of Defendants described above constitute counterfeiting in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

36. Defendants have unfairly profited from the infringing acts alleged above.

37. By reason of Defendants' acts, Tacori has suffered damage to the goodwill associated with the federally registered Tacori Trademarks.

38. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and their federally registered Tacori Trademarks.

39. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

40. By reason of Defendants' acts, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Tacori is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41. By reason of Defendants' acts. Tacori is entitled to recover Defendants' profits, actual damages and the costs of the action under 15 U.S.C. § 1117. Alternatively, by reason of Defendants' willful acts, Tacori is entitled to recover statutory damages under 15 U.S.C. § 1117, on election by Tacori, in an amount of up to $2,000,000 for each counterfeited trademark per type of goods or services sold, offered for sale, or distributed.

42. This is an exceptional case making Tacori eligible for an award of attorney's fees under 15 U.S.C. § 1117.

**Second Cause of Action**
**(Trademark Infringement Under 15 U.S.C. § 1114(1))**

43. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 42 of this Complaint as though fully set forth here.

44. Defendants' acts, by the marketing, advertisement and sale of jewelry with the federally registered Tacori Trademarks, even though the jewelry is not manufactured or designed by Tacori, are likely to cause confusion, mistake, or to deceive that the rings were manufactured or designed by Tacori.

45. The acts of Defendants described above constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

46. Defendants have unfairly profited from the trademark infringement alleged.

47. By reason of Defendants' acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the federally registered Tacori Trademarks.

48. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademarks.

49. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

50. By reason of Defendants' acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

51. By reason of Defendants' willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

52. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

53. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 52 of this Complaint as though fully set forth.

54. Defendants' acts, by the marketing, advertisement and sale of jewelry with the federally registered Tacori Trademarks, even though the jewelry is not manufactured or designed by Tacori, are likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with Tacori.

55. The above-described acts of Defendants constitute trademark infringement of the Tacori Trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

56. Tacori is being damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that purchasers of jewelry from Defendants will be confused or mistaken as to source, sponsorship or affiliation of that jewelry.

57. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

58.     By reason of the above-described acts of Defendants, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Trademarks.

59.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Trademarks.

60.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

61.     By reason of the above-described acts of Defendants, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

62.     Because the above-described acts of Defendants were willful, Tacori is entitled to enhanced damages, with those damages being trebled under 15 U.S.C. § 1117.

63.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Prayer for Relief

**Therefore,** Tacori respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendants that Defendants have:

    (a)     sold counterfeit Tacori Crescent Jewelry in violation of 15 U.S.C. § 1114;

    (b)     infringed the rights of Tacori in its federally registered Tacori Trademarks in violation of 15 U.S.C. § 1114; and

    (c)     infringed the rights of Tacori in its Tacori Trademarks in violation of 15 U.S.C. § 1125.

2.     That each of the above acts was willful.

3.     That the Court issue a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction enjoining and restraining Defendants and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

      (a)    selling any piece of jewelry using the federally registered Tacori trademarks when that piece of jewelry was not manufactured or designed by Tacori;

      (b)    using the Tacori Trademarks, in conjunction with the Intercarats, LLC trade name, to improperly suggest that Defendants are an authorized retailer of Tacori;

      (c)    using the Tacori Trademarks without authorization or license from Tacori; and

      (d)    engaging in any other activity constituting an infringement of the Tacori Trademarks.

4.     That Tacori be awarded damages for Defendants' counterfeiting and trademark infringement.

5.     That Tacori be awarded Defendants' profits resulting from Defendants' infringement of the Tacori Trademarks

6.     That Defendants be ordered to account for and disgorge to Tacori all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

7.     That damages resulting from Defendants' willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.      That Tacori be awarded damages for Defendants' counterfeiting either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its counterfeiting; or (ii) statutory damages for each counterfeited trademark per type of goods or services sold, offered for sale, or distributed in an amount provided by law, as set forth in 15 U.S.C. § 1117, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.      That Defendants be ordered to pay for corrective advertising.

10.     That the Court award Tacori its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable provision of law.

11.     That the Court award Tacori its costs of suit incurred herein.

12.     That Tacori be awarded such other relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

Dated: July 8, 2016                               Respectfully submitted,

                                                  Sharon K. Reyes
                                                  Virginia State Bar No. 87701
                                                  Stephen E. Noona
                                                  Virginia State Bar No. 25367
                                                  **Kaufman & Canoles, P.C.**
                                                  150 W. Main Street, Suite 2100
                                                  Norfolk, VA 23510
                                                  Telephone: 757-624-3000
                                                  Facsimile: 888-360-9092
                                                  Email: skreyes@kaufcan.com
                                                  Email: senoona@kaufcan.com

Howard A. Kroll
**Tucker Ellis LLP**
515 South Flower Street
Forty-Second Floor
Los Angeles, CA  90071
Telephone:  212-430-3365
Facsimile:  213-430-3409
Email:  howard.kroll@tuckerellis.com

*Attorneys for Plaintiff, Tacori Enterprises*